IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-40-NYW

CARL A WESCOTT,

    Plaintiff,

v.

GLOBAL ACCELERATOR NETWORK, LLC,
a Delaware limited liability company;

PATRICK RILEY, an individual; and

LIZZIE CROUGH, an individual;

    Defendants.

---

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

---

Defendants Global Accelerator Network, LLC ("GAN"), Patrick Riley, and Elizabeth (Lizzie) Crough (collectively, "Defendants") respectfully submit their Response in Opposition to Plaintiff's Motion for Leave to Amend His Legal Complaint Pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) or Under Rule 15(a)(1)(B) (the "Motion").

**I.    INTRODUCTION**

Plaintiff has been engaged in a months-long litigation campaign against companies and individuals whom he suspects conspired to deny him opportunities worth millions of dollars.[1] His

---

[1] *See, e.g., Wescott v. Moon et al.*, Case No. 2:20-cv-00964 (D. Ariz.); *Wescott v. Augmented Knowledge et al.*, Case No. 2:20-cv-00965 (D. Ariz.); *Wescott v. Crowe et al.*, Case No. 2:20-cv-

crusade is reflected in the dozens of extraneous allegations of wrongdoing against third parties contained in his Complaint.  Despite the length of Plaintiff's Complaint, as set forth in Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) ("Motion to Dismiss"), he has failed to state a claim against any of the Defendants in this case.  ECF No. 6.  Plaintiff states in his Motion that he reviewed Defendants' Motion to Dismiss and concedes that his Complaint is deficient, thus resulting in his request for leave to amend.  ECF No. 10 at 10.

The Court should deny the Motion because Plaintiff failed to comply with the Local Rules: (1) Plaintiff did not confer with Defendants' counsel prior to filing the Motion as required by D.C.COLO.LCivR 7.1 and (2) did not attach as an exhibit a copy of the proposed amended Complaint that strikes through the text to be deleted and underlines the text to be added as required by D.C.COLO.LCivR 15.1.

Two weeks after filing his Motion, Plaintiff sent clean and redlined copies of his proposed Amended Complaint to the Court and provided courtesy copies to Defendants.  ECF No. 15.  To the extent the Court does not deem Plaintiff's failure to comply with the Local Rules to be sufficient grounds to deny his Motion and finds it necessary to consider Plaintiff's proposed Amended Complaint, the Motion should also be denied because Plaintiff's proposed amendments are futile and do not cure the deficiencies in Plaintiff's Complaint.

---

01383 (D. Ariz); *Wescott v. Avila et al.*, Case No. 2:20-cv-01925 (D. Ariz.).  Plaintiff is a prolific and experienced *pro se* litigant, having filed dozens—if not hundreds—of court cases in state and federal courts in California, Arizona, and now Colorado.  Plaintiff has even been named a "vexatious litigant" by the San Francisco Superior Court and prohibited from future filings.  *See* courts.ca.gov/documents/vexlit.pdf.

## II.   FACTUAL BACKGROUND

On December 18, 2020, Plaintiff commenced an action in the District Court of Denver County, Colorado against Defendants, asserting claims for breach of contract, promissory fraud, promissory estoppel, negligent misrepresentation, intentional interference with contract, negligent interference with economic advantage, breach of the covenant of good faith and fair dealing, and violations of Colo. Rev. Stat. §§ 8-2-110 *et seq*, and asserting that he claimed millions of dollars in damages.  ECF No. 4.  Service on all Defendants was attempted on December 18, 2020.[2] Defendants removed the state court action to this Court on January 7, 2021.  ECF No. 1.  On January 14, 2021, Defendants filed their Motion to Dismiss via CM/ECF and served a copy on Plaintiff via e-mail and U.S. First Class Mail the same day.  ECF No. 6.  On February 8, 2021—twenty-five days after Defendants filed their Motion to Dismiss—Plaintiff sent a copy of the Motion via U.S. Mail to Defendants and to the Court.   The Court received and filed Plaintiff's Motion via CM/ECF on February 10, 2021.  ECF No. 10.  Two weeks later, the Court received and filed Plaintiff's proposed Amended Complaint via CM/ECF.  ECF No. 15.

## III.   PLAINTIFF'S MOTION SHOULD BE DENIED.

Plaintiff's Motion is predicated on Rule 15(a)(2) of the Federal Rules of Civil Procedure, which requires leave of Court to amend.[3]  Federal Rule of Civil Procedure 15(a)(2) directs a trial

---

[2] Plaintiff still has not filed copies of any of the affidavits of service as required by Rule 4(l)(1) of the Federal Rules of Civil Procedure.

[3] Although Plaintiff discusses whether he should be permitted to amend the Complaint as a matter of course pursuant to Rule 15(a)(1)(A) or (B) of the Federal Rules of Civil Procedure, Plaintiff abandons that argument, presumably because (1) Plaintiff argues in his response to Defendants' Motion to Dismiss that service of process on Defendants has been accomplished, which means he cannot amend as a matter of course under Rule 15(a)(1)(A) and (2) Plaintiff's

3

court to "freely give leave [to amend a complaint] when justice so requires." The rule is intended "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Mintowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). However, if there is "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, ***futility of the amendment***, etc.—the leave sought" need not be granted. *Minter*, 451 F.3d at 1204 (emphasis added) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "The grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Id.* (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1970)).

### A. Plaintiff's Motion Fails to Comply with the Court's Local Rules

The Court's Local Rules require parties to "confer or make reasonable, good faith efforts to confer…to resolve any disputed matter. The moving party shall describe…the specific efforts to fulfill this duty." D.C.COLO.LCivR 7.1(a). The Court's Local Rules also require that "a party who files an opposed motion for leave to amend or supplement a pleading shall attach as an exhibit a copy of the proposed amended or supplemental pleading which strikes through (e.g. ~~strikes through~~) the text to be deleted and underlines (e.g., underlines) the text to be added." D.C.COLO.LCiv.R 15.1. It is well-settled that the Court has the discretion to deny pleadings that do not comply with its Local Rules.

---

Motion was filed more than 21 days after service of Defendants' Motion to Dismiss, which means he cannot amend as a matter of course under Rule 15(a)(1)(B).

4

Plaintiff failed to comply with D.C.COLO.LCivR 7.1(a).  Plaintiff misleadingly states that he conferred with Defendants' counsel before filing the Motion.  ECF No. 14, Ex. B.  This is inaccurate.  At 6:51 p.m. on Sunday, February 8, 2021, Plaintiff sent an email to Defendants' counsel stating that he wished to amend his Complaint and requested Defendants' position.  *See* Declaration of Carolyn Juarez ("Juarez Decl."), Ex. 1.  A few hours later, at 1:33 a.m. on Monday, February 9, 2021—before Defendants' counsel had even reviewed the email request—Plaintiff sent another email with a "courtesy copy" of the Motion and indicated that he had mailed the Motion to the Court.  *See id.*, Ex. 2.  After reviewing the two emails during business hours on Monday and consulting with Defendants, Defendants' counsel responded at 12:09 p.m. that Defendants opposed the Motion.  *Id.*, Ex. 1.  Plaintiff's one-sided email inquiry as to Defendants' position does not constitute a sufficient conference or a reasonable, good faith attempt to confer regarding Plaintiff's proposed amendment under D.C.COLO.LCivR 7.1(a).

Plaintiff failed to comply with D.C.COLO.LCivR 15.1.  Plaintiff did not attach as an exhibit his proposed amendments to the Complaint at all, much less in redline format, as required by D.C.COLO.LCivR 15.1.  Plaintiff "proposes" in his Motion that he serve his proposed Amended Complaint two weeks after filing his Motion.  ECF No. 10 at 11.  On February 24, 2021, Plaintiff then filed a proposed Amended Complaint to the Court—well after filing his Motion. ECF No. 15.

Plaintiff's failures to comply with the Court's Local Rules are sufficient grounds for denial of Plaintiff's Motion.

### B. Plaintiff's Proposed Amendments Do Not Remedy the Deficiencies Identified in Defendants' Motion to Dismiss and Are Futile

Should the Court determine that Plaintiff's failures to comply with the Court's Local Rules are not sufficient grounds to deny Plaintiff's Motion and considers Plaintiff's proposed Amended Complaint, the amendments in Plaintiff's proposed Amended Complaint do not cure the deficiencies with the Complaint identified in the Motion to Dismiss (which Plaintiff has conceded).[4]

First, the majority of Plaintiff's proposed "factual" amendments merely allege additional information about his grievances with unrelated third parties. ECF No. 15. Second, Plaintiff's attempts to transform his claims from negligence claims to tortious interference claims, and claims under Colorado law to claims under California law, do not remedy the fatal deficiencies in his allegations identified in the Motion to Dismiss: in particular, (1) that Plaintiff's own choice not to attend the GAN events he was eligible to attend does not constitute a breach of contract or commission of a tort by GAN, Mr. Riley, and/or Ms. Crough and (2) Mr. Riley and Ms. Crough, acting on behalf of GAN in the scope of their employment, cannot be held individually liable for GAN's conduct. *See* ECF Nos. 6, 16. These deficiencies in Plaintiff's claims cannot be remedied by amendment and, as such, Plaintiff's proposed amendments are futile. Accordingly, Plaintiff's Motion should be denied.

### IV. CONCLUSION

Plaintiff's Motion for Leave to Amend fails to comply with the Court's Local Rules and should be denied on that basis. Even if the Court were to consider Plaintiff's proposed Amended

---

[4] Should the Court grant the Motion, Defendants reserve their rights to move for dismissal of the Amended Complaint.

Complaint, Plaintiff's proposed amendment do not remedy the deficiencies identified in Defendants' Motion to Dismiss and would be futile. Accordingly, the Court should deny Plaintiff's Motion to Amend.

DATED:  March 3, 2021

        Respectfully submitted,

        By: */s/ Carolyn Juarez*
        Carolyn Juarez

        Neugeboren O'Dowd PC
        1227 Spruce St., Ste. 200
        Boulder, CO  80302
        T: (720) 536-4900
        F: (720) 536-4910
        Email:  carolyn@nodiplaw.com

        ATTORNEYS FOR DEFENDANT
        GLOBAL ACCELERATOR NETWORK,
        LLC, PATRICK RILEY, AND
        ELIZABETH CROUGH

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on March 3, 2021, a true and correct copy of the foregoing **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND** was filed with the Clerk of Court using the CM/ECF system with a copy mailed via USPS and e-mailed to the following:

Carl A. Wescott
8210 E. via de la Escuela
Scottsdale, AZ  85258
carlwsoj@gmail.com


                                              */s/ Carolyn Juarez*
                                              Carolyn Juarez